1   **LAW OFFICES OF KERMITT L. WATERS**
    Kermitt L. Waters, Esq., Bar No. 2571
2   kermitt@kermittwaters.com
    James J. Leavitt, Esq., Bar No. 6032
3   jim@kermittwaters.com
    Michael A. Schneider, Esq., Bar No. 8887
4   michael@kermittwaters.com
    Autumn L. Waters, Esq., Bar No. 8917
5   autumn@kermittwaters.com
    704 South Ninth Street
6   Las Vegas, Nevada 89101
    Telephone:     (702) 733-8877
7   Facsimile:     (702) 731-1964

8   **HUTCHISON & STEFFEN, PLLC**
    Mark A. Hutchison (4639)
9   Joseph S. Kistler (3458)
    Matthew K. Schriever (10745)
10  Peccole Professional Park
    10080 West Alta Drive, Suite 200
11  Las Vegas, NV 89145
    Telephone: 702-385-2500
12  Facsimile:  702-385-2086
    mhutchison@hutchlegal.com
13  jkistler@hutchlegal.com
    mschriever@hutchlegal.com

14

    *Attorneys for Plaintiff Landowners*
15

16                  **UNITED STATES DISTRICT COURT**

17                        **DISTRICT OF NEVADA**

18  FORE STARS, Ltd, SEVENTY ACRES, LLC,        )
    a Nevada liability company; DOE INDIVIDUALS ) CASE NO.: 2:19-cv-01469-JAD-NJK
19  I through X; DOE CORPORATIONS I through X;  )
    DOE LIMITED LIABILITY COMPANIES I           )
20  through X,                                   )
                                                 ) **PLAINTIFFS' MOTION TO REMAND**
21                         Plaintiffs,           )
                                                 )
22  vs.                                          )
                                                 )
23  CITY OF LAS VEGAS, a political subdivision   )
    of the State of Nevada; THE EIGHTH JUDICIAL  )
24  DISTRICT COURT, County of Clark, State of    ) (Clark County District Court
    Nevada, DEPARTMENT 24 (the HONORABLE         ) Case No. A-18-773268-C)
25  JIM CROCKETT, DISTRICT COURT JUDGE,          )
    IN HIS OFFICIAL CAPACITY), ROE government    )
26  entities I through X, ROE Corporations I through X, )
                                                 )
27                         Defendants.           )
                                                 )
28  _____     )

1  <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2  **I.    INTRODUCTION**

3       The City's untimely attempted removal of this action is procedurally improper and is nothing

4  more than forum shopping by the City. It is believed that the sole purpose the City filed what is

5  clearly an improper and untimely removal is for delay.  As such, the Landowner respectfully requests

6  that this Court expedite its consideration of the remand so that this matter can proceed timely.

7       The City has already argued and lost several issues at the state court level (including a lost

8  Writ to the Nevada Supreme Court) and is now simply looking for another forum to reverse those

9  state court decisions. This case is an inverse condemnation case filed by FORE STARS, LTD., and

10  SEVENTY ACRES, LLC (collectively hereinafter: "Landowner") against the City of Las Vegas

11  ("City") wherein the Landowner is seeking just compensation for the City's taking of his 17 Acre

12  private undeveloped residentially zoned property ("Subject Property").  Importantly, the Landowner

13  has not brought any of his claims in this case, including the inverse condemnation claims, through

14  42 U.S.C.A § 1983.  Meaning the Landowner has not sought to file a federal claim in this case

15  invoking federal jurisdiction.

16       The questions raised in this litigation are state law questions.  The first question in an inverse

17  condemnation claim is whether the Landowner has a compensable property right sufficient to sustain

18  the claim and the federal courts unanimously hold this is a state law question. The second question

19  involves the just compensation to which the Landowner is entitled for the taking of his property and,

20  to be clear, there are <u>not</u> two separate claims (one federal and one state) for just compensation in this

21  matter.  There is only one claim and it is capable of being determined under state law in state court.

22  And, it is undisputed that the City has availed itself to state court jurisdiction as it has already sought

23  a dismissal of this matter in state court which the court declined to grant and instead stayed this

24  matter pending a decision on an issue currently before the Nevada Supreme Court.

25       Finally, the sole and only justification cited by the City to support its very untimely removal

26  is the recent Supreme Court decision of *Knick v. Township of Scott, Pennsylvania*, 139 S.Ct. 2162,

27  decided and published on June 21, 2019.  Removal in reliance on this recent decision fails for two

28  principle reasons.  First, it is crystalline that a Supreme Court order from an unrelated case with

1 unrelated parties is no basis for removal and does not create federal jurisdiction in the instant case.

2 Second, even if the *Knick* decision could support removal of this case, the City's removal was

3 beyond 30 days from issuance of the decision and is, therefore, untimely.

4      Here, the City's removal is both improper and untimely.  Accordingly, this Court should

5 remand this case so that it may proceed in state court.

6 **II.    POSTURE OF THE STATE CASE**

7      **A.    Pleadings Filed**

8      This case was initially filed in state court on April 20, 2018, alleging claims for declaratory

9 and injunctive relief, inverse condemnation, and due process violations. ECF No. 1-1, pp. 4-23. The

10 City was served the complaint on May 17, 2018.  ECF No. 1-1, p. 2.  The Landowner's complaint

11 also raises a judicial taking claim against the Eighth Judicial District Court, Department 24, the

12 honorable Jim Crockett presiding ("Crockett Court"), relating to his decision on a petition for

13 judicial review regarding land use applications filed by the Landowner for the Subject Property. ECF

14 No. 1-1, pp. 4-23.  As such, the Landowner's complaint was served on the State of Nevada on May

15 25, 2018.[1] Exhibit 14.

16      The Landowner's complaint only generally references the United States Constitution

17 including only that the City and Crockett Court as governmental entities are "subject to all of the

18 provisions of the Just Compensation Clause of the United States Constitution and Article 1, sections

19 8 and 22 of the Nevada State Constitution;" "that the City's failure to pay just compensation .... is

20 a violation of the United States Constitution, the Nevada State Constitution and the Nevada Revised

21 Statutes" and claims "a violation of the Landowners substantive and procedural due process rights

22 under the United States and Nevada State Constitutions."  ECF No. 1-1, pp. 4-23.  Importantly,

23 these general references to the United States Constitution do not amount to a specific claim under

24 42 U.S.C. § 1983.  The fact is the City has known about the reference to the United States

25 Constitution in the Landowner's pleading for well over a year and took no action to remove this

26 matter.

27 _____

28      [1] The State Attorney General's Office represents the Crockett Court in this matter and will be generally referred to herein as the "State."

1    Accordingly, the City and State were on notice that the Landowner's claims referenced the

2    United States Constitution since May, 2018.  Despite this, the City and State have litigated these

3    claims in state court and not timely sought removal of the Landowner's claims to federal court. It

4    was only after the City repeatedly lost, both at the State District Court level and the Nevada Supreme

5    Court level in another case involving an adjacent property with similar inverse condemnation claims

6    against the City, that it is now attempting to improperly and untimely remove this matter to federal

7    court.

8            **B.      City Involvement In State Court Litigation**

9            On July 2, 2018, the City filed a Motion to Dismiss the underlying state court action. Exhibit

10   15.[2]   The State also filed its own Motion to Dismiss on August 23, 2018.  Exhibit 12.  The court

11   declined to grant either motion and instead stayed the proceedings until resolution of Nevada

12   Supreme Court Case No. 75481.[3] Exhibit 10.

13           **C.      The City also filed Motions to Dismiss in Three Other Cases Dealing With
14                     Neighboring Property Similarly Effected by the City's Taking Actions and a
                       Writ to the Nevada Supreme Court, None Have Been Granted**

15           Three other cases have been filed in Nevada State District Court dealing with neighboring

16   property also taken by the City's actions. ECF No. 6. The City has sought removal of each of these

17   cases. Id. Two of these cases included petitions for judicial review ("PJR") claims which the City

18   fully litigated in state court and all cases included inverse condemnation claims against the City

19   similar to the Landowner's claims in the instant case.  In each case, the City filed motions to dismiss

20   in state court and the Nevada State Judiciary either denied the motion(s) (*see e.g.* Exhibit 9[4]) or

21   deferred ruling until a permanent judge could be appointed to the department. Exhibit 11.

22   _____

23           [2] The City failed to include the state court order granting the stay in this matter, and other
24   documents served upon defendant in this action with its Petition for Removal.  A defect to its
     removal under 28 U.S.C.§ 1446 (a).  These documents are included as exhibits herewith.

25           [3] Nevada Supreme Court Case No. 75481 is an appeal of Judge Crockett's ruling on a
26   PJR involving land use applications for the Subject Property.  The matter has been submitted to
     the Nevada Supreme Court and is awaiting decision.
27
28           [4] A minute order is provided as the City removed the matter prior to the Court signing the
     order.  Exhibit 9.

1  Specifically, in *180 Land Co. LLC et al. v. City of Las Vegas,* case no.: 2:19-cv-01467 -KJD-DJA

2  ("35 Acre Case")[5] the City sought 6 separate times to dismiss the Landowner's inverse condemnation

3  claims and lost, including, a final decision from the Nevada Supreme Court on the issue.[6]

4              **1)    The City's First Attempt to Have the Landowners' Inverse
                      Condemnation Claims Dismissed in the 35 Acre Case**

5

6          On October 30, 2017, the City filed its ***first of six attempts*** to have the Landowner's inverse

7  condemnation claims in the 35 Acre Case dismissed, not for lack of jurisdiction, but claiming the

8  inverse condemnation claims could not be brought along with a PJR.  Exhibit 1.  The State District

9  Court, on February 1, 2018, denied the City's Motion to Dismiss; found the Landowner's inverse

10 condemnation claims were "ripe for review;" "severed" the inverse condemnation claims from the

11 PJR; stayed the inverse condemnation claims until a decision on the PJR was reached; and ordered

12 a separate complaint be filed to "sever" and include solely the inverse condemnation claims. 35 Acre

13 Case ECF No. 1-2 at 35-38.  On February 2, 2018, the Landowner filed his First Amended

14 Complaint consistent with this February 1, 2018, State District Court order.  35 Acre Case ECF No.

15 1-3 at 11.

16         For over a year, the parties litigated the PJR claims in state court.  Ultimately, the State

17 District Court denied the Landowner's PJR and asked the City to prepare the Findings of Fact and

18 Conclusions of Law ("PJR FFCL"). 35 Acre Case ECF 1-4 page 39 to 1-5 page 12.  The City

19 prepared the PJR FFCL and improperly inserted five paragraphs at the very end of the PJR FFCL

20 that entirely dismissed the Landowner's inverse condemnation claims.  35 Acre Case ECF 1-5 at 11

21 and 12.  These five paragraphs dismissing the inverse condemnation claims were a complete surprise

22 as the State District Court already denied the City's first motion to dismiss the inverse condemnation

23 ──────────────

24      [5] Documents filed in 2:19-cv-01467-KJD-DJA ("35 Acre Case") and cited herein will be
    cited as 35 Acre Case ECF No.

25
26      [6] The 35 Acre Case was the first of the four inverse condemnation cases filed by the
    Landowner's against the City.  The inverse condemnation claims were filed and served on the
    City in September of 2017.  The 35 Acre case is the case that the parties have primarily litigated
27  and the other three cases, including the instant case, have either been stayed or progressed slowly
    in state court so that common issues in the 35 Acre case could be decided.
28

1  claims, held the inverse condemnation claims were ripe, and severed the claims entirely from the

2  petition for judicial review.  Moreover, the Landowner's inverse condemnation claims were not

3  addressed directly or even indirectly in the briefs or the hearing on the PJR.  Not realizing the City

4  improperly included these last five paragraphs in the PJR FFCL, the State District Court signed the

5  City's PJR FFCL. The Landowner was then forced to file a motion for rehearing or reconsideration

6  of the dismissal of the inverse condemnation claims, explaining the error.  This led to the City's

7  second attempt to dismiss the Landowners' inverse condemnation claims.

8                **2)   The City's Second Attempt to Have the Landowner's Inverse**
                     **Condemnation Claims Dismissed in the 35 Acre Case.**

9

10      The City in its ***second of six attempts*** in the  35 Acre Case to have the Landowner's inverse

11  condemnation claims dismissed in state court filed a 25-page opposition to the Landowner's motion

12  for rehearing or reconsideration of the dismissal of the inverse condemnation claims, contending it

13  was legally proper to dismiss the Landowner's constitutionally based inverse condemnation claims

14  in the PJR proceeding, even though the PJR proceeding did not mention the inverse condemnation

15  claims, meaning there was no due process at all prior to the dismissal of the inverse condemnation

16  claims in the PJR FFCL. Exhibit 2.  The State District Court agreed with the Landowner and issued

17  a ***Nunc Pro Tunc*** **Order** (35 Acre Case ECF 1-5 at 27-29) stating that "this Court had no intention

18  of making any findings of fact, conclusions of law or orders regarding the landowners severed

19  inverse condemnation claims as part of the Findings of Fact and Conclusions of Law entered on

20  November 21, 2018, ("FFCL") [the PJR FFCL]."  35 Acre Case ECF 1-5 at 28.  Accordingly, the

21  State District Court denied the City's attempt to dismiss the Landowner's inverse condemnation

22  claims in the PJR FFCL and ordered removed, ***nunc pro tunc***, those paragraphs dismissing the

23  inverse condemnation claims from the PJR FFCL.

24                **3)   The City's Third Attempt to Have the Landowner's Inverse**
                     **Condemnation Claims Dismissed in the 35 Acre Case.**

25

26  On February 13, 2019, the City filed its ***third of six attempts*** in the 35 Acre Case to have the

27  Landowner's inverse condemnation claims dismissed in state court.  Its third attempt was titled City

28

1   of Las Vegas' Motion for Judgment on the Pleadings on Developer's Inverse condemnation claims.

2   Exhibit 3.  There was significant briefing, 1,000s of pages of exhibits submitted to the State District

3   Court, and extensive oral argument on the City's request.  Ultimately, after considerable time and

4   resources expended on the matter, the State District Court denied the City's Motion. ( 35 Acre Case

5   ECF 1-5 page 47 to 1-6 page 20).

6           **4)     The City's Forth, Fifth, and Sixth Attempts to Have the Landowner's
            Inverse Condemnation Claims Dismissed in the 35 Acre Case.**
7

8           Having been rejected by the State District Court three separate times, the City then filed a

9   Writ Petition with the Nevada Supreme Court demanding the Landowner's inverse condemnation

10  claims in the 35 Acre Case be dismissed. Exhibit 4.  A panel at the Nevada Supreme Court denied

11  the City's Writ. Exhibit 7.  The City then filed a Petition for Rehearing with the Nevada Supreme

12  Court again demanding the Landowner's inverse condemnation claims be dismissed.  Exhibit 5.  The

13  Petition for Rehearing was denied. Exhibit 8.  In its sixth attempt to have the Landowner's inverse

14  condemnation claims dismissed, the City filed for En Banc Reconsideration of its Writ Petition.

15  Exhibit 6.  On September  6, 2019, the Nevada Supreme Court issued its Order Denying En Banc

16  Reconsideration. Exhibit 13.  This means that the Nevada Supreme Court has concluded that the

17  Landowner has sufficiently alleged a compensable property interest under Nevada law to move

18  forward with his inverse condemnation claims in state court.  Not once, during this two year

19  extensive litigation at the state level in the 35 Acre Case, did the City even imply or suggest that it

20  should be tried in federal court.

21          As it relates to this motion and federal jurisdiction, the City has fully availed itself to the

22  highest level of Nevada state court, lost, and is now seeking an untimely and improper do over in

23  federal court. In any event, the City has actively participated in state court litigation in cases it

24  recognizes as "Related Cases" (ECF No. 6) and availed itself to state court jurisdiction to fully

25  litigate two PJR claims and has sought to have the Landowner's inverse condemnation claims

26  dismissed by the Nevada State Judiciary nearly ten separate times, with no success.

27  ///

28

1    **III.    STATEMENT OF LAW**

2         **A.    There is a "Strong Presumption" Against Removal**

3         "Federal courts are courts of limited jurisdiction," and "possess only that power authorized

4    by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian*

5    *Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed

6    that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests

7    upon the party asserting jurisdiction." *Id*. Accordingly, there is a strong presumption against removal

8    jurisdiction and "federal jurisdiction must be rejected if there is any doubt as to the right of removal

9    in the first instance." *Nguyen v. Sam's W., Inc.*, 2015 WL 5092689, at *2 (D. Nev. Aug. 27, 2015).

10   "The 'strong presumption against removal jurisdiction means that the defendant always has the

11   burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of

12   remand to state court." *Fitzwater v. Bank of Am., N.A.*, 2015 WL 8328269, at *2 (D. Nev. Dec. 8,

13   2015) *citing to Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v.*

14   *Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)). Federal courts are to "resolve all doubts

15   about federal jurisdiction in favor of remand" and are strictly to construe legislation permitting

16   removal. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London,* 119 F.3d 619, 625 (8th

17   Cir.1997).

18        **B.    An Order from an Unrelated Case is Not A Proper Justification For Removal**

19        There are only two thirty day windows for removal.  First, "the notice of removal of a civil

20   action or proceeding shall be filed within 30 days after the receipt by the defendant, through service

21   or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action

22   or proceeding is based ... ." 28 U.S.C.A. Sec. 1446(b)(1). Second,  "if the case stated by the initial

23   pleading is not removable, a notice of removal may be filed within 30 days after receipt by the

24   defendant, through service or otherwise, of a copy of an amended pleading, motion, ***order or other***

25   ***paper*** from which it may ***first be ascertained*** that the case is one which is or has become

26   removable*.*" 28 U.S.C.A. Sec. 1446(b)(3). Emphasis added.  If a notice of removal is filed after

27

28

either thirty-day window, it is untimely and remand to state court is appropriate. 28 U.S.C. § 1446(b); *see Babasa v. LensCrafters, Inc.,* 498 F.3d 972, 974 (9th Cir.2007).

A document or "other paper" sufficient to create the second thirty day removal window must be something generated in the state court litigation at issue or by the plaintiff. *Kocaj v. Chrysler Corp.*, 794 F.Supp. 234, 237 (E.D.Mich.1992) ("[statutory] language plainly refers to items served or otherwise given to a defendant in a state court case"); and, *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1221 (11th Cir. 2007).

A court order in an unrelated case does not qualify as an "order" or "other paper" sufficient to start the second 30 day window and support removal. The Ninth Circuit has interpreted that the term "other paper" from 28 U.S.C.A. Sec. 1446(b)(3) does not include decrees filed in even a related action. *Lopez v. Wal-Mart Stores, Inc.*, 2008 WL 108990, at *2 Fn 1 (D. Nev. Jan. 7, 2008) *see also Rose v. Beverly Health & Rehab. Servs., Inc.*, 2006 WL 2067060, at *5 (E.D. Cal. July 22, 2006) ("Within the Ninth Circuit, the phrase 'other paper' has been interpreted as 'documents generated within the state court litigation. ...'"). Other courts that have addressed this issue have also held that court decisions in unrelated cases do not constitute "orders" or "other papers" under 28 U.S.C.A. § 1446(b) and are not grounds for removal. *See, e.g., Phillips v. Allstate Ins. Co.*, 702 F.Supp. 1466, 1468–69 (C.D.Ca.1989) (holding that "paper" does not include intervening statutory or case law changes); *Morsani v. Major League Baseball,* 79 F.Supp.2d 1331, 1333–34 (M.D.Fl.1999) (decision in an unrelated case is not an "order or other paper" under § 1446(b); "plain language of the statute ... implies the occurrence of an event within the proceeding itself"); *Metropolitan Dade County v. TCI TKR of South Florida,* 936 F.Supp. 958, 959 (S.D.Fl.1996) (Federal Communications Commission opinion not "other paper" under § 1446(b)); *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 969 (8th Cir. 2007) (It would be an unsupported stretch to interpret "order" to include a decision in a separate case with different parties. If Congress had intended new developments in the law to trigger the recommencement of the thirty day time limit, it could have easily added language making it clear that § 1446(b) was not only addressing developments within a case); *Lozano v. GPE Controls,* 859 F.Supp. 1036, 1038 (S.D.Tex.1994) (judicial opinion in an unrelated case creating

1   basis for federal question jurisdiction is not "other paper" under § 1446(b)); *Kocaj v. Chrysler Corp.,*

2   794 F.Supp. 234, 236 (E.D.Mich.1992) (opinion in unrelated case is not "other paper" under §

3   1446(b)); *Gruner v. Blakeman,* 517 F.Supp. 357, 360–61 (D.Conn.1981) (subsequent decision in a

4   related case which allegedly first made clear federal jurisdiction exist did not constitute "order or

5   other paper"); Wright, Miller and Cooper, 14C *Federal Practice and Procedure* § 3731 (West 1998)

6   ("the publication of opinions by other courts dealing with subjects that potentially could affect a state

7   court suit's removability or documents not generated as a result of state court litigation are not

8   recognized as 'other paper' sources for purposes of starting a new thirty-day period under Section

9   1446(b)").

10         The only "narrow" exception to the widely recognized  rule that outside court decisions do

11   not constitute "orders" or "other papers" under 28 U.S.C.A. §1446(b) and are not grounds for

12   removal is in the "unique circumstances" where an "unequivocal [outside] order directed to a party

13   to the pending litigation, explicitly authorizing it to remove any cases it is defending." *A.S. ex rel.*

14   *Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 210 (3rd Cir. 2014).  This "limited" exception

15   only applies to "a decision by a court in an unrelated case, but which involves the same defendant,

16   a similar factual situation and the question of removal." *Green v. R.J. Reynolds Tobacco Co.*, 274

17   F.3d 263, 267 (Fifth Cir. 2001).  This *limited* and *narrow* exception does not apply here as the City

18   or Crockett Court clearly were not a defendant in *Knick*.

19         Outside of the one *limited* and *narrow* exception which has no applicability here, it is widely

20   recognized that new Supreme Court decisions in unrelated litigation which could implicate federal

21   jurisdiction, such as *Knick*, are not grounds for re-opening the time period for removal. *See Sclafani*

22   *v. Insurance Co. of North America*, 671 F.Supp. 364 (D. Md.1987) (Reference to "other paper" in

23   statute relating to removal of case within 30 days after receipt of an amended pleading motion, order,

24   or "other paper" from which it may be ascertained that the case is one which may be removed does

25   not include a subsequent Supreme Court decision in a wholly unrelated case defining what

26   constitutes a basis for removal to federal court); *In re Pharmaceutical Industry Average Wholesale*

27   *Price Litigation*, 431 F.Supp.2d 98 (D.Mass.2006) (new Supreme Court decision, which clarified

28

when state-law claims could implicate sufficiently substantial federal issues to support the exercise of federal question jurisdiction on removal, was not an "order or other paper," under removal statute); *Hollenbeck v. Burroughs Corp.,* 664 F.Supp. 280, 281 (E.D.Mich.1987) (Supreme Court decision in unrelated case making first time case could be removed is not other paper under § 1446(b), as the "other paper" language focuses on voluntary actions of the plaintiff, not factors beyond the plaintiff's control); *State of Wisconsin v. Abbott Laboratories*, 390 F.Supp.2d 815 (W.D.Wis.2005) (United States Supreme Court decision in another case was not "other paper," triggering right to remove case which previously could not be removed; phrase "other paper" included only documents filed in case for which removal was sought); *Johansen v. Employee Ben. Claims, Inc.*, 668 F.Supp. 1294 (D.Minn.1987) (United States Supreme Court decisions, which were rendered after employee filed action in state court to recover benefits under employee benefit plan, were not "other paper," within meaning of exception to 30-day limit in removal statute; "other paper" refers solely to documents generated within the state court litigation itself); *Avco Corp. (Lycoming Div.) v. International Union*, 287 F.Supp. 132 (D.Conn.1968) ([1446(b)] relates only to papers filed in the action itself which alter or clarify the stated claim so as to reveal for the first time that a federal cause of action is stated; it does not include, as an "order or other paper," a subsequent Supreme Court decision, in a wholly unrelated case, defining what constitutes a basis for removal to the federal court); and, *Holiday v. Travelers Ins. Co.*, 666 F.Supp. 1286 (W.D. Ark.1987) (recent Supreme Court opinions were not "other papers" within meaning of statute and did not entitle defendant to the additional 30-day period to remove suit contained in that statute, which provides that if case stated by initial pleading is not removable petition may be filed within 30 days after receipt of motion, order or "other paper" from which it may first be ascertained that case is one which is or has become removable; "other papers" is limited to some action taken by one of the parties to lawsuit which affects posture or procedure of case).

### C.    A Defendant Can Waive Removal

The right to remove is waived by acts of a defendant which indicate an intent to proceed in state court, and defendants may not "experiment" in state court and remove upon receiving an

adverse decision. *Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 447 (9th Cir. 1992). A defendant "may not, after having argued and lost an issue in state court, remove the action for what is in effect an appeal of the adverse decision." *Id.* at 448, *citing to Kiddie Rides U.S.A. v. Elektro–Mobiltechnik GMBH*, 579 F.Supp. 1476, 1479–1480 (C.D.Ill.1984).

As federal courts have recognized in the past, filing a motion to dismiss coupled with participating in hearings or awaiting a ruling by a state court before removing supports waiver. Estate of Krasnow v. Texaco Inc., 773 F. Supp. 806, 808 (E.D. Va. 1991). It has been recognized that where a defendant has participated in state court hearings, made a motion to dismiss and received an adverse ruling, a subsequent removal was improper and the case was properly remanded to state court. *Banks v. Housing Auth. Of DeKalb Co.*, 32 F.Supp.3d 1296 92014)."'Actions that may result in a disposition on the merits of the state court action, in whole or in part,' are sufficient to evidence the requisite intent to litigate on the merits." *Id.* at 1298. *Internal citations omitted.*

Here, as explained above, the City's removal amounts to nothing more than forum shopping and an improper attempt to re-litigate the same issues before the federal court seeking a different result.

## IV. ARGUMENT

### A. The City's Removal is Untimely

The City has known since May 2018, that the Landowner's claims for inverse condemnation and due process violations generally referenced the United States Constitution and sought just compensation as a remedy. This is the sole basis of the City's removal. ECF No. 1, pp. 2-3. A petition for removal must be filed within thirty days of service of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. 28 U.S.C.A. § 1446(b). The City filed its Petition for Removal on August 22, 2019, well over a year after the Landowner's initial pleading setting forth the claims for relief upon which such action or proceeding is based. ECF No.1. Therefore, it is beyond question that the City did not seek to remove this case within the original 30 day time period from the filing of the Landowner's initial complaint as required under 28 U.S.C.A.§ 1446(b). Since the City's Petition for Removal is untimely this matter should be remanded.

1        The City claims in both ECF Nos. 1 and 6 that it has a right to remove due to the June 21,

2   2019, United States Supreme Court opinion in *Knick*.  Even if the decision in *Knick* could be a

3   justification to support removal in this case as the City submits, the City's removal was still

4   untimely.  The *Knick* opinion was published by the United States Supreme Court on June 21, 2019.

5   The City admits this in its Petition which means the City's Petition is defective on its face. ECF No.

6   1, p. 3.  The supplementary 30-day period for filing a notice of removal, set out in 28 U.S.C.A. §

7   1446(b)(3), (the second window) is available only from when "it may be <u>first ascertained</u> that the

8   case is one which is or has become removable." 28 U.S.C.A § 1446(b)(3), *see* ECF No. 1, pp. 3-4.

9   Emphasis added.

10        As the City's Petition admits, the date of the publication of the *Knick* decision on June 21,

11   2019, was the date the City could have "first ascertained that" *Knick* allegedly could allow removal

12   of the instance case.[7]  Under the second/supplemental 30 day window for removal in 28 U.S.C.A §

13   1446(b)(3), if *Knick* could serve as justification for the City's removal, this means the City should

14   have filed its Petition for Removal on or before July 21, 2019.[8]  The City did not file its Petition until

15   August 22, 2019.[9]  ECF No. 1.  Therefore, even if the *Knick* decision could open the second 30 day

16

---

17       [7] It was so widely known that the *Knick* decision was published on June 21, 2019, that

18   members of Landowner's counsel even attended a seminar discussing the implications of *Knick* on July 11, 2019.

19

20       [8] The City had full opportunity in its Statement Regarding Removal (ECF No. 7) to provide how the date of judgment in *Knick*, July 23, 2019, rather than the date of publication,

21   June 21, 2019, governs under the "first ascertained" standard in §1446(b)(3).  However, it provided nothing despite direct inquiry by this Court and admits that it knew or should have

22   known of the publication of the decision on June 21, 2019. ECF No. 6, pp. 2-3.  Meaning, even if the *Knick* decision could serve as a justification for removal under §1446(b)(3), which federal

23   law is clear it cannot, the City's removal is still untimely.

24       [9] The City asserts its removal is based on the judgment entered by the Supreme Court in

25   *Knick.* ECF No. 1, p. 3:22-26.  The judgment only applies to the parties in the *Knick* case and only serves to direct when the Supreme Court's mandate to parties in that case issues.

26   U.S.Sup.Ct. Rule 45(2).  This is meaningless for purposes of the second 30 day time period for removal under 28 U.S.C.A. 1446(b), which starts the 30 day window when "it may be first

27   ascertained that the case is one which is or has become removable."  For the City's argument,

28   this was on June 21, 2019, when *Knick* was published to the world.

1   window for removal, which it cannot (*See* Section III B *supra*), the City's Petition for Removal is

2   untimely as it is outside this second 30 day window for removal under § 1446(b).

3         Moreover, the City has been aware since it was served with the Landowner's complaint on

4   May 17, 2018, that it included a claim regarding a violation of the Landowner's "due process rights

5   under the United States and Nevada State Constitutions." ECF No. 1-1, p. 21. The City now claims

6   that such a reference to the United States Constitution in the Landowner's complaint creates a federal

7   question creating federal jurisdiction. Accordingly, the City was required to seek removal of this

8   case within 30 days of its receipt of this initial pleading and failing to do so waived removal. 28. U.S.

9   C.A. § 1446(b). The City's reliance on the *Knick* decision as justification for removal of the

10  Landowner's inverse condemnation claims, although improper in its own right, is no justification

11  regarding the Landowner's due process claims which the City has known about since May of 2017

12  and failed to timely seek removal as required under § 1446(b).

13        Since the City's removal is untimely under both 30 day windows, its removal is defective and

14  this case should be remanded to proceed in state court.

15        **B.**     **The City's Removal Is Improper and It has Waived Any Right of Removal**

16            **1.**     **A Decision or Judgment from an Unrelated Case *(Knick)* is Not an**
                 **"Order" or "Other Paper" to Support the City's Untimely Removal**

17

18        The City's sole justification for its untimely removal is that the "United States Supreme

19  Court entered judgment in *Knick* on July 23, 2019" and cites to 28 U.S.C.A. sec. 1446(b)(3) claiming

20  the second 30 day window within which to file for removal upon its receipt of an "amended

21  pleading, motion, order or other paper from which it may first be ascertained that the case is one

22  which is or has become removable." ECF No. 1 pp. 3-4. However, as explained, it is clear that

23  decisions or orders from other unrelated cases, even Supreme Court decisions, are insufficient as a

24  basis to support removal. *See* Section III B *supra.* A decision from another unrelated case does not

25  qualify as an "order" or "other paper" under 28 U.S.C.A § 1446(b)(3) which would extend the time

26  for removal beyond 30 days from receipt by the City of the original complaint. *See* Section III B

27  *supra.* "Other paper" within the meaning of § 1446(b) refers to papers that are generated within the

28

specific state proceeding which has been removed to federal court. *See* Section III B *supra.* "In both federal question and diversity cases, therefore, Section 1446(b) restricts defendants from removing most cases when the circumstance potentially allowing removal arises through no consequence of the plaintiff's actions." *Morsani v. Major League Baseball*, 79 F. Supp. 2d 1331, 1333 (M.D. Fla. 1999). Further, the thirty-day time limit of § 1446 would be rendered meaningless if subject to revival every time a decision in an unrelated case was issued which could affect removability. *See Metro. Dade County v. TCI TKR of S. Florida, Inc*., 1996 WL 480433 (S.D. Fla. 1996).

Neither the Landowner, the City, nor the Crockett Court was a party to the *Knick* case. Clearly, the *Knick* decision is unrelated to the instant case and was not an 'order' or 'other paper' generated in the case at bar. Under clear federal case law, the *Knick* decision does not constitute an "order" or "other paper" under § 1446(b) providing the City with the second 30 day window within which it could file its Petition for Removal.

Simply, this means that the receipt of the *Knick* decision by the City did not provide the City an opportunity to seek removal. Since the alleged basis of the City's removal was present in the Landowner's initial complaint filed on April 20, 2018, removal well over a year later is untimely and improper. Accordingly, this case should be remanded.

### 2. The City has Litigated This Case on the Merits and Fully Availed Itself to State Court Jurisdiction Waiving any Right of Removal

As discussed above, the City has tried to have the State District Court and, in the 35 Acre Case, the Nevada Supreme Court, dismiss the Landowner's inverse condemnation claims - to no avail. Accordingly, the City has fully availed itself to the jurisdiction of state court – it is just unhappy with the results. Filing a motion to dismiss coupled with participating in a hearing or awaiting a ruling by a state court before removing supports waiver, even if the filing of the motion in and of itself would not. *Estate of Krasnow v. Texaco Inc*., 773 F. Supp. 806, 808 (E.D. Va. 1991) and *Banks v. Housing Auth. of DeKalb Co.*, 32 F.Supp.3d 1296 (2014).

Here, the City has clearly sought disposition of the instant matter in state court waiving any right of removal.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**C.    A Fundamental and Primary Issue in this Case Must be Decided by State Law**

This is an inverse condemnation action that the Landowner brought under state law in state court. Every inverse condemnation action begins with one inquiry and that is: *does the landowner have a compensable property interest?* "An individual must have a property interest in order to support a taking claim." *McCarran Int'l Airport v. Sisolak*, 137 P.3d 1110 (Nev. 2006) at 658. The determination of whether the Landowner has a compensable property interest unquestionably involves the interpretation of state property law. The "question of real estate law [] must always be determined by the law of the state in which the realty is located. *Clarke v. Clarke*, 178 U.S. 186, 20 S.Ct. 873, 44 L.Ed. 1028; *United States Truck Co. v. Pennsylvania Surety Corp.*, 259 Mich. 422, 243 N.W. 311; *Restatement Conflict of Laws*, Sec. 208. This is true regardless of how the court may have acquired jurisdiction, or where the court may be located. *See also, U.S. v. Becktold Co.*, 129 F.2d 473, 477 (8th Cir. 1942) (applying Missouri law). *Abrenilla v. China Ins. Co. Ltd*, 870 F.2d 548 (9th Cir. 1989) (applying California law).

This Court's discretion under 28 U.S.C.A. § 1441(c) can be seen in the case of *Redevelopment Agency of the City of San Bernardino v. Alvarez*, 288 F.Supp. 2d 1112, 1115 (2003), wherein the court remanded a 42 U.S.C. §1983 claim, one the *Knick* landowners brought, but that the Landowner in this case has **not**. The court, while citing the Fifth Circuit case of *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320 (1998), announced that, "since § 1441(c) permits federal courts to remand an entire action, including both state and federal claims, if it finds that *state law predominates*, it also follows that it enables the court to remand counterclaims and cross-claims in that action, even if those latter claims are based on federal law." (Emphasis added). As discussed above, state law does much more than "predominate" this case.

Even if the City were correct in its analysis that the general reference to the United States Constitution in the Landowner's complaint creates federal jurisdiction, which it is not, the United States Supreme Court stated in the case of *Merrel Dow Pharmaceuticals Inc., v. Thompson,* 106 S.Ct. 3229, 3236 (1986)*, citing Shoshone Mining Co. v. Rutter*, 177 U.S. 505, 507 (1900), "[a] suit to enforce a right which takes its origin in the laws of the United States is not necessarily, or for that

reason alone, one arising under those laws, for a suit does not so arise unless it really and substantially involves a dispute or controversy respecting the validity, construction or effect of such a law, upon the determination of which the result depends." *See also Andersen v. Bingham & G. Ry. Co.*, 169 F.2d 328, 329 (1948) ("[N]ot every question of federal law lurking in the background or emerging necessarily places the suit in the class of one arising under the laws of the United States, within the meaning of the statute.").

As discussed throughout, this case is a state inverse condemnation action premised on the interpretation of state law properly brought in state court. Therefore, since this matter stems from state law and state courts determine takings liability and the issue of just compensation routinely,[10] the federal court lacks subject matter jurisdiction to sustain the City's removal.  Therefore, this case should be remanded.

## D.    The Landowner Has Not Filed His Inverse Condemnation Claims to Invoke Federal Jurisdiction

The City's Petition admits the only way an inverse condemnation claim could be brought originally in federal court under *Knick* is through a claim under 42 U.S.C. § 1983.  ECF No. 1, p. 3. "'The threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009)" *citing  Ansley v. Ameriquest Mortgage Co.*, 340 F.3d 858, 861 (9th Cir.2003) (quoting *Toumajian v. Frailey*, 135 F.3d 648, 653 (9th Cir.1998)).  *Knick* makes it clear that filing an inverse condemnation claim in federal court after June 21, 2019, is permissive, not mandatory, and "*may*" be brought under a 42 U.S.C.A  §1983 claim. The Court plainly stated that "... the property owner has suffered a violation of his Fifth Amendment rights when the government takes his property without just compensation, <u>and therefore ***may*** bring his claim in federal court under § 1983 at that time</u>." At 2168.  Emphasis added.

The plaintiff is considered the master of his complaint.  The Landowner did not file his

---

[10] Even in *Knick*, the Supreme Court recognized: every state, besides Ohio, provides a state inverse condemnation action. At 2168.

inverse condemnation claims through the vehicle required (42 U.S.C.A § 1983) to invoke federal jurisdiction to bring his claims in federal court.  His complaint may generally reference the United States Constitution but he has not framed a claim in the manner required to invoke federal jurisdiction.  Plainly, there is no claim in this case under 42 U.S.C.A. § 1983 which could implicate any intent to bring a federal claim or to invoke federal jurisdiction.  The simple reference to the United States Constitution, present since the initial filing of the complaint in April of 2018, does not give this Court jurisdiction over this matter.  Accordingly, it is clear no federal question is raised in this case.  Therefore, this Court lacks subject matter jurisdiction and this matter should be remanded to proceed in state court.

## V.    CONCLUSION

For the reasons stated herein, the City's removal is improper, untimely and amounts to impermissible forum shopping.  The City has litigated this case on the merits and fully availed itself to state court jurisdiction waiving any right of removal.  Additionally, this Court lacks subject matter jurisdiction as this action is primarily based on state law and does not raise a federal question pursuant to *Knick*.  Therefore, it is respectfully requested that this Court remand this case to state court.

RESPECTFULLY SUBMITTED this 16th day of September, 2019.

**LAW OFFICES OF KERMITT L. WATERS**

By: */s/  Kermitt L. Waters*
KERMITT L. WATERS, ESQ.
Nevada Bar No. 2571
JAMES J. LEAVITT, ESQ.
Nevada Bar No. 6032
MICHAEL A. SCHNEIDER, ESQ.
Nevada Bar No. 8887
AUTUMN L. WATERS, ESQ.
Nevada Bar No. 8917

***Attorneys for Plaintiffs Landowner***

**EXHIBIT INDEX**

Exhibit 1:     City of Las Vegas' Motion to Dismiss Or, In the Alternative, Motion to Strike for Eighth Judicial District Court Case No. A-17-758528-J filed 10.30.17, 20 pages

Exhibit 2:     City of Las Vegas' Opposition to Plaintiff Landowners' Request for Rehearing/Reconsideration of Order/Judgment Dismissing Inverse Condemnation Claims for Eighth Judicial District Court Case No. A-17-758528-J filed 1.7.19, 57 pages

Exhibit 3:     City of Las Vegas' Motion for Judgment on the Pleadings on Developer's Inverse Condemnation Claims for Eighth Judicial District Court Case No. A-17-758528-J filed 2.13.19, 14 pages

Exhibit 4:     City of Las Vegas' Petition for Writ of Mandamus, Or in the Alternative, Writ of Prohibition, for Eighth Judicial District Court Case No. A-17-758528-J filed with the Nevada Supreme Court, case no. 78792, 5.17.19, 52 pages

Exhibit 5:     City of Las Vegas' Petition for Rehearing filed with the Nevada Supreme Court, case no. 78792, 6.10.19, 27 pages

Exhibit 6:     City of Las Vegas' Petition for En Banc Reconsideration filed with the Nevada Supreme Court, case no. 78792, 8.6.19, 31 pages

Exhibit 7:     Nevada Supreme Court Order Denying Petition for Writ of Mandamus of Prohibition, case no. 78792, filed 5.24.19, 2 pages

Exhibit 8:     Nevada Supreme Court Order Denying Rehearing, case no. 78792, filed 7.24.19, 2 pages

Exhibit 9:     Court Minutes for Eighth Judicial District Court Case No. A-18-775804-J dated 2.15.19, 1 page

Exhibit 10:    Order Staying Proceedings for Eighth Judicial District Court Case No. A-18-773268-C dated 2.28.19, 2 pages

Exhibit 11:    Court Minutes for Eighth Judicial District Court Case No. A-18-780184-C dated 5.1.19, 1 page

Exhibit 12:    State of Nevada Motion to Dismiss, Eighth Judicial District Court Case No. A-18-773268-C, dated 8.23.18, 12 pages

Exhibit 13:    Nevada Supreme Court Order Denying En Banc Reconsideration, case no. 78792, filed 9.6.19, 2 pages

Exhibit 14:    Proof of Service Eighth Judicial District Court Case No. A-18-773268-C, dated 5.29.18, 1 page

Exhibit 15:    City of Las Vegas' Motion to Dismiss, Eighth Judicial District Court Case No. A-18-773268-C, dated 7.2.18, 25 pages

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of the Law Offices of Kermitt L. Waters; and that on the 16th day of September 2019, I caused to be served a true and correct copy of the forgoing document(s): **PLAINTIFFS' MOTION TO REMAND** on the parties set forth below by:

[**X**]          CM/ECF System

[]               United States mail, postage prepaid


**McDONALD CARANO LLP**
George F. Ogilvie III, Esq.
Amanda C. Yen, Esq.
Christopher Molina, Esq.
2300 W. Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
gogilvie@mcdonaldcarano.com
ayen@mcdonaldcarano.com
cmolina@mcdonaldcarano.com

**LEONARD LAW, PC**
Debbie Leonard, Esq.
955 S. Virginia Street, Suite 220
Reno, Nevada 89502
debbie@leonardlawpc.com

**LAS VEGAS CITY ATTORNEY'S OFFICE**
Bradford R. Byrnes, City Attorney
Philip R. Byrnes, Esq.
Seth T. Floyd, Esq.
495 Main Street, 6th Floor
Las Vegas, Nevada 89101
bjerbic@lasvegasnevada.gov
pbyrnes@lasvegasnevada.gov
sfloyd@lasvegasnevada.gov


                        /s/ Evelyn Washington
                        Evelyn Washington, an Employee of the
                        Law Offices of Kermitt L. Waters