# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Fore Stars, Ltd. and Seventy Acres, LLC,

    Plaintiffs

v.

City of Las Vegas, et al.,

    Defendants

Case No.: 2:19-cv-01469-JAD-NJK

**Order Granting Plaintiffs' Motion to Remand and Denying Defendants' Motions to Dismiss**

[ECF Nos. 8, 27, 28]

      Fore Stars, Ltd. and Seventy Acres, LLC sue the City of Las Vegas, the Eighth Judicial District Court, and the Honorable Jim Crockett for an unlawful taking, in violation of the Nevada and U.S. Constitutions.[1]  The City removed the case from state court sixteen months after it was filed.[2]  Conceding that it missed its first opportunity to remove, the City argues that the Supreme Court's later decision in *Knick v. Township of Scott, Pennsylvania* is an "order or other paper" under 28 U.S.C. § 1446(b)(3) that establishes this court's jurisdiction over the developers' claims and opens its second removal window.[3]  Fore Stars and Seventy Acres move to remand, maintaining that the City's removal was untimely because § 1446(b)(3)'s provisions do not permit removal on the basis of unrelated, federal decisions; *Knick* does not expand federal-question jurisdiction to encompass their claims; and the City was on notice that it could remove when they initially filed their complaint.[4]  Because I conclude that a ruling from an unrelated case does not meet § 1446(b)(3)'s definition of "order or other paper," I hold that the City's

---

[1] ECF No. 1-1 (complaint).

[2] ECF No. 1 (notice of removal).

[3] *Id.*

[4] ECF No. 8 (motion to remand).

second removal window never opened and its post-*Knick* removal was untimely.  I grant the developers' motion, remand this case back to state court, and deny as moot the City's and the District Court's motions to dismiss.[5]

### Background

**A.      Fore Stars and Seventy Acres' complaint**

This inverse-condemnation case stems from Fore Stars and Seventy Acres' decision to redevelop a multi-acre plot in Las Vegas, which was allegedly zoned for residential housing but designated as open space on a general-planning map.[6]  After the developers applied to the City and the City approved a request to amend the planning map and permit various construction projects, residents of a neighboring community sued the City in state court, challenging its approval on procedural grounds.[7]  Eighth Judicial District Court Judge Crockett agreed and signed an order highlighting those deficiencies.[8]  But Fore Stars and Seventy Acres believe his order went further than necessary, effectively rezoning the land and permanently restricting their right to develop the property.[9]  So they sought relief in state court,[10] alleging that the Nevada state court, Judge Crockett, and the City committed a taking under six inverse-condemnation

---

[5] ECF Nos. 27, 28 (motions to dismiss).

[6] ECF No. 1-1 at ¶¶ 8, 10 14, 17.  Fore Stars and Seventy Acres claim the designation was in error because the plot was zoned for residential housing.  *See id.* at ¶¶ 14–17.

[7] *Id.* at ¶¶ 30–33.

[8] *Id.* at ¶ 35.

[9] *Id.* at ¶¶ 36–37.

[10] This case is one of many related actions filed originally in state court.  *See 180 Land Co. v. City of Las Vegas*, No. 2:19-cv-1471-JCM (ENJY) (remanded to state court); *180 Land Co., LLC v. City of Las Vegas*, No. 2:19-cv-01467-KJD (DJA) (remanded to state court); *180 Land Co., LLC v. City of Las Vegas,* No. 2:19-cv-1470-RFB (BNW) (currently pending).

theories, in violation of the developers' "substantive and procedural due process rights," Nevada law, and the Nevada and U.S. Constitutions.[11]

**B.      Petition for removal and motion to remand**

The City petitioned to remove this takings case to federal court roughly sixteen months after it was filed in state court.[12]  In support of its petition, the City cited the Supreme Court's July 23, 2019, judgment in *Knick v. Township of Scott, Pennsylvania*,[13] which overturned *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*[14] and clarified that inverse-condemnation plaintiffs need no longer exhaust their claims in state court before turning to federal court.[15]  The City contends that the *Knick* decision constitutes an "order or other paper" alerting it that the "case is one [that] is or has become removable" and triggers the second thirty-day removal period prescribed by 28 U.S.C. § 1446(b)(3).[16]  Fore Stars and Seventy Acres disagree, arguing that removal is improper and untimely because (1) this case presents only state-law causes of action or, in the alternative, the City could have removed the suit from the start and failed to do so; (2) the *Knick* decision is not an "order or other paper" within the meaning of § 1446(b)(3); and (3) regardless, the City waived its right to remove.[17]

---

[11] ECF No. 1-1 at ¶¶ 67, 84, 88, 92, 101, 109, 115, 123.

[12] ECF No. 1.

[13] *Knick v. Twp. of Scott, Pa., et al.*, 139 S. Ct. 2162 (2019).

[14] *Williamson Cnty. Reg'l Plan. Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 195 (1985).

[15] *Knick*, 139 S. Ct. at 2179.

[16] ECF No. 1 at 1, 7–9.

[17] ECF No. 8 at 2–3.

## Discussion

**A.      Removal jurisdiction and procedure**

"Federal courts are courts of limited jurisdiction."[18]  Under 28 U.S.C. § 1441(a), a defendant may remove "any civil action" brought in state court when a federal court has "original jurisdiction," which may be based on either diversity or federal-question jurisdiction.[19] The burden of establishing that a federal court has jurisdiction over the action "rests upon the party asserting jurisdiction"[20] and a plaintiff may challenge removal by timely filing a motion to remand.[21]  In opposing a motion to remand, the defendant must overcome the "strong presumption against removal jurisdiction."[22]  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."[23]

Under 28 U.S.C. § 1446(b), removal must be timely.[24]  Generally, a defendant must remove a case within thirty days of receiving the complaint.[25]  But if the complaint itself does not clearly provide a basis for removal, a defendant has a second opportunity to remove within thirty days of receiving, "through service or otherwise," "a copy of an amended pleading, motion, order[,] or other paper from which it may first be ascertained that the case is one [that] is

---

[18] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[19] *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997).

[20] *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006)) (quotation marks omitted); *see also Kokkonen*, 511 U.S. at 377.

[21] 28 U.S.C. § 1447(c).

[22] *Hunter*, 582 F.3d at 1042 (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)); *see also Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010).

[23] *Gaus*, 980 F.2d at 566.

[24] *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 788 (9th Cir. 2018).

[26] 28 U.S.C. § 1446(b)(3).

4

or has become removable."[26]  In the Ninth Circuit, defendants are not charged "with notice of removability until they've received a paper that gives them enough information to remove."[27]

**B.      Remand is proper.**

The City's first opportunity to remove this case to federal court ended long ago.[28]  At issue here is whether the *Knick* decision triggered the City's second opportunity to remove.  To resolve this dispute, the parties assert that I must first determine whether *Knick* expanded this court's original subject-matter jurisdiction over Fore Stars and Seventy Acres' claims and then assess whether the *Knick* decision is an "order" or "paper" under § 1446(b)(3) that opened the City's second, thirty-day removal window.[29]  If I answer "yes" to both inquiries, and the City removed within thirty days of receiving the *Knick* final judgment,[30] removal is proper and timely.

I decline the invitation to evaluate the impact of the *Knick* ruling here because, even if the holding in *Knick* rendered this suit removable,[31] I find that the *Knick* decision does not qualify as an "order or other paper" under § 1446(b)(3).  So I grant Fore Stars and Seventy Acres' motion

---

[26] 28 U.S.C. § 1446(b)(3).

[27] *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006); *see also Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 791 (9th Cir. 2018) ("'As long as the complaint or "an amended pleading, motion, order[,] or other paper" does not reveal that the case is removable,' a defendant, in effect, 'may remove at any time.'") (quoting *Rea v. Michaels Stores, Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014)).

[28] *See* ECF No. 1 at ¶ 1 (noting that Fore Stars and Seventy Acres filed suit on April 20, 2018, roughly sixteen months before the City filed its petition for removal).

[29] *See* ECF Nos. 8 at 12–13, 17–18; 10 at 5–10.

[30] The parties dispute when Section 1446(b)(3)'s thirty-day clock started ticking: when the Court issued its decision in *Knick* (June 21, 2019) or when the decision was no longer eligible for rehearing or reconsideration (July 23, 2019).  *See* ECF Nos. 1 at ¶¶ 7, 11; 8 at 13; 10 at 8–9.  I do not resolve this dispute because I find that *Knick* is not an "order" or "other paper" under the statute.

[31] I assume but do not decide this issue for purposes of this motion for remand.

to remand because the City's second removal period never materialized and its petition to remove was thus untimely.

### 1. Inverse-condemnation suits and *Knick*

A brief history of inverse-condemnation claims against local and state authorities is necessary to understand the posture of this case. Since the mid-1980s, inverse-condemnation claimants were required to "pursue state procedures for obtaining compensation before bringing a federal [takings] suit."[32] This state-exhaustion requirement rested on the Supreme Court's Fifth Amendment jurisprudence, as developed in *Williamson County*, which held that "a property owner has not suffered a violation of the Just Compensation Clause until the owner has unsuccessfully attempted to obtain just compensation through the procedures provided by the State for obtaining such compensation."[33] The taking was thus not "'complete' until the State fail[ed] to provide adequate compensation for the taking."[34]

Whether characterized as a jurisdictional or prudential "ripeness" bar,[35] *Williamson County* erected a prima facie barrier to takings claimants seeking just compensation from state officials in federal court.[36] And the Ninth Circuit routinely affirmed dismissal of takings claims for lack of subject-matter jurisdiction when the claimants failed to exhaust state-court procedures

---

[32] *Knick*, 139 S. Ct. at 2173.

[33] *Williamson Cnty.*, 473 U.S. at 195.

[34] *Id.* at 195.

[35] *Horne v. Dep't of Agric.*, 569 U.S. 513, 526 (2013) ("Although we often refer to [the *Williamson County* state-exhaustion requirement] as 'prudential "ripeness,"' we have recognized that it is not, strictly speaking, jurisdictional.") (quoting *Lucas v. South Carolina Council*, 505 U.S. 1003, 1013 (1992)) (internal citation omitted).

[36] *Knick*, 139 S. Ct. at 2167.

or remedies.[37]  In 2005, the Supreme Court's decision in *San Remo Hotel, L.P. v. City and County of San Francisco, Cal.* articulated the downstream consequences of *Williamson County*'s state-exhaustion requirement.[38]  There, claimants brought an inverse-condemnation suit against the city and county in state court and attempted to reserve their federal claims for federal *de novo* review, ostensibly fearing that their state suit may be unsuccessful.[39]  But in applying the full faith-and-credit statute,[40] the *San Remo* Court determined that federal courts must honor state courts' decisions denying takings claims, despite claimants' best efforts to hold those claims in abeyance.[41]

The effect of *San Remo*'s holding on inverse-condemnation claims is obvious: an adverse state court decision that, according to *Williamson County*, gives rise to a ripe, federal takings claim simultaneously bars that claim under the preclusive principles articulated in *San Remo*.[42] Recognizing this "*San Remo* preclusion trap," the Supreme Court reversed *Williamson County* in *Knick* in 2019, reasoning that *Williamson County*'s "state-litigation requirement rests on a

---

[37] *See, e.g.*, *Colony Cove Props., LLC v. City of Carson*, 640 F.3d 948, 958 (9th Cir. 2011) (applying *Williamson County* to dismiss takings claims for lack of federal-court jurisdiction); *Ventura Mobilehome Communities Owners Ass'n v. City of San Buenaventura*, 371 F.3d 1046, 1052–53 (9th Cir. 2004) ("Whether it is construed as a facial or as-applied takings claim, the Appellant still must satisfy the second ripeness requirement by showing it exhausted available state remedies for compensation."); *Macri v. King Cnty.*, 126 F.3d 1125, 1129 (9th Cir. 1997), *cert. denied*, 522 U.S. 1153 (1980) ("It is axiomatic that a takings violation is not complete until the plaintiff has sought compensation through state court remedies and been denied . . . . ").

[38] *San Remo Hotel, L.P. v. City and Cnty. of S.F., Cal.*, 545 U.S. 323 (2005).

[39] *Id.* at 338.

[40] 28 U.S.C. § 1738.

[41] *San Remo*, 545 U.S. at 347 ("[W]e are not free to disregard the full faith and credit statute solely to preserve the availability of a federal forum.").

[42] *Knick*, 139 S. Ct. at 2169.

mistaken view of the Fifth Amendment" and "imposes an unjustifiable burden on takings plaintiffs, conflicts with the rest of our takings jurisprudence, and must be overruled."[43]

For our purposes, the *Knick* Court made two vital rulings.  First, the Court held that "a government violates the Takings Clause when it takes property without compensation," [44] so whether the taking occurs through formal condemnation or by regulation, claimants have "*already* suffered a constitutional violation" at the time of the taking.[45]  Second, it ruled that claimants "may bring a Fifth Amendment claim under § 1983" at the time of the taking because their claim is ripe—claimants need no longer exhaust state-court remedies or procedures for securing just compensation to have suffered a constitutional violation.[46]

### 2.    Fore Stars and Seventy Acres' motion for remand

Fore Stars and Seventy Acres attempt to minimize *Knick*'s effect on inverse-condemnation cases, maintaining that they only seek state-law remedies and, in the alternative, that *Williamson County* never barred removal of their complaint on federal-question grounds.[47] The City disagrees.  It argues that *Knick*'s sea change expanded federal jurisdiction over the developers' complaint, which alleges that defendants violated the Nevada and U.S. Constitutions via (at least in part) a *Penn Central*[48] regulatory taking.[49]

---

[43] *Id.* at 2167.

[44] *Id.* at 2177 (emphasis in original).

[45] *Id.* at 2172 (citing *San Diego Gas & Elec. Co. v. San Diego*, 450 U.S. 621, 654 (1981) (Brennan, J., dissenting)).

[46] *Id.* at 2177.

[47] ECF Nos. 12 at 9–10; 8 at 17–18; 22 at 3–4.

[48] *Penn Cent. Transp. Co. v. New York City*, 438 U.S. 104 (1978).

[49] ECF Nos. 10 at 16–17; 21 at 5–10.

Regardless of whether Fore Stars and Seventy Acres' complaint now asserts a removable federal question, the *Knick* decision has no bearing on the procedure or timeliness of removal. *Knick* neither granted defendants in pending state eminent-domain actions the power to remove to federal court nor converted all state eminent-domain actions into federal claims.[50]   And *Knick*'s holding that *new* takings plaintiffs may now bring their inverse-condemnation claims directly to federal court does not necessarily mean that *pending* inverse-condemnation suits became removable. [51]   *Knick* is silent on the matter.  So I must turn to the removal statutes and determine whether *Knick* is an "order" or "other paper" within the meaning of § 1446(b)(3), restarting the City's thirty-day clock to remove.  Despite the unsettled nature of Ninth Circuit law on the question, I hold that it is not.

### a.   *28 U.S.C § 1446(b)(3)'s second removal window*

Section 1446(b)(3) permits removal, even if the "case stated by the initial pleading is not removable," when defendant receives, "through service or otherwise," "a copy of an amended pleading, motion, order[,] or other paper from which it may first be ascertained that the case is one which is or has become removable."[52]   "Canons of statutory construction dictate that if the language of a statute is clear, we look no further than that language in determining the statute's

---

[50] *Knick*, 139 S. Ct. at 2179 ("Our holding that uncompensated takings violate the Fifth Amendment will not expose governments to new liability; it will simply allow into federal court takings claims that otherwise would have been brought as inverse condemnation suits in state court."); *id.* at 2168 ("Inverse condemnation stands in contrast to direct condemnation, in which the government initiates proceedings to acquire title under its eminent domain authority.").

[51] Other district court judges have reasoned similarly.  *See, e.g.*, *Providence City v. Thompson*, No. 1:19-cv-88, 2019 WL 4932759, at *4 (D. Utah Oct. 7, 2019); *180 Land Co. LLC v. City of Las Vegas*, No. 2:19-cv-1471, 2019 WL 5294402, at *2 (D. Nev. Oct. 18, 2019).

[52] 28 U.S.C. § 1446(b)(3).

meaning."[53]   Section 1446(b)(3) is ambiguous.   The term "order or other paper" is broad.   In the

generic sense, the phrase could arguably refer to Supreme Court opinions that expand federal

jurisdiction over claims initially confined to state court.[54]   However, the statute implies that the

"order or other paper" is one received "through service" in the parties' litigation, in the way that

an "amended pleading" or "motion" would be.[55]   As Fore Stars and Seventy Acres correctly

point out,[56] courts nationwide have recognized this ambiguity and almost uniformly held that a

decision in an unrelated action is not an "order or other paper" that opens § 1446(b)(3)'s second

removal window.[57]

---

[53] *Oregon Nat. Res. Council, Inc. v. Kantor*, 99 F.3d 334, 339 (9th Cir. 1996) (quoting *United States v. Lewis*, 67 F.3d 225, 228 (9th Cir. 1995)) (quotation marks omitted).  As the Ninth Circuit has long held, a court "should usually give words their plain, natural, ordinary and commonly understood meanings."  *United States v. Gallenardo*, 579 F.3d 1076, 1085–86 (9th Cir. 2009).

[54] At least one district court has been persuaded of such an interpretation.  *See Smith v. Burroughs Corp.*, 670 F. Supp. 740, 741 (E.D. Mich. 1987) ("The statute on its face indicates that it covers virtually any situation in which an action not initially removable later becomes removable.").

[55] 28 U.S.C. § 1446(b)(3).  Generally, when "several items in a list share an attribute," courts are to construe "the other items as possessing that attribute as well."  *Beecham v. United States*, 511 U.S. 368, 371 (1994) (citing *Dole v. Steelworkers*, 494 U.S. 26, 36 (1990)).

[56] ECF No. 8 at 9–10.

[57] *See 180 Land Co., LLC v. City of Las Vegas*, No. 2:18-cv-1471, 2019 WL 5294402, at *3 (D. Nev. Oct. 18, 2019) ("The court joins the vast majority of its sister courts and finds that the *Knick* decision does not constitute 'other paper' because it did not arise from the case the city seeks to remove."); *180 Land Co., LLC v. City of Las Vegas*, No. 2:19-cv-01467 (D. Nev. Feb. 12, 2020) ("The Court agrees with *Phillips* and *Evak Native Village* that a reasonable interpretation of § 1446(b)(3) limits the definition of 'other papers' to papers filed in the parties' underlying state court proceedings."); *see also Dahl v. Reynolds Tobacco Co.*, 478 F.3d 965, 969–70 (8th Cir. 2007) (declining to find that "other paper" included an appellate decision where that decision was not against the same parties or involved the same factual scenario as the present matter); *Allen v. Monsanto Co.*, 396 F. Supp. 2d 728, 732 (S.D. W. Va. 2005) (reasoning that a decision in an unrelated case is not an "order or other paper" providing basis for removal under § 1446(b)(3)); *Lozano v. GPE Controls*, 859 F. Supp. 1036, 1038 (S.D. Tex. 1994) (holding that a judicial opinion is not an "other paper" under § 1446(b)(3)); *Phillips v. Allstate Ins. Co.*, 702 F. Supp. 1466, 1469 (C.D. Cal. 1989) (changes in underlying law or statute do not "start the removal clock of § 1446(b) running"); *Avco Corp. (Lycoming Div.) v. Local 1010 of*

1

### b. *"Order" or "other paper" in the Ninth Circuit*

2      The City claims that the Ninth Circuit is the exception to this nationwide trend and cites

3  *Rea v. Michaels Stores Inc.*[58] for the proposition that removal to federal court is timely under

4  § 1446(b)(3) when there is an intervening change in the law.[59]  Fore Stars and Seventy Acres

5  disagree, leveraging the Ninth Circuit's reasoning in *Peabody v. Maud van Cortland Hill Schroll*

6  *Tr.* to assert that § 1446(b)(3) does not permit defendants to rely on appellate decisions for

7  removal purposes.[60]

8      Ninth Circuit law appears unsettled on the matter.[61]  Prior to its decision in *Rea*, the

9  Ninth Circuit held in *Peabody* that the "record of the state court is considered the sole source

10 from which to ascertain whether a case originally not removable has since become removable."[62]

11 There, the court declined to find that defendant's removal was per se untimely under

12 § 1446(b)(3), despite plaintiff filing a document a year earlier in a substantively identical, yet

13 separate, federal suit asserting similar claims against that same defendant and raising federal

14

15 ───────────────

16 *the Int'l Union (UAW AFL-CIO)*, 287 F. Supp. 132, 133 (D. Conn. 1968) (reasoning that the
   Supreme Court's decision to make Labor Market Regulatory Authority-preempted cases

17 removable was not an "other paper").

   [58] *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014).

18 [59] ECF No. 10 at 9–10; ECF No. 21 at 11–12.

19 [60] ECF No. 12 at 5–6.

   [61] Other district court judges agree.  *See, e.g.*, *Van Bebber v. Dignity Health*, No. 1:19-cv-00264,
20 2019 WL 4127204, at *4 (E.D. Cal. Aug. 30, 2019) ("The apparently unanimous view of federal
   courts outside the Ninth Circuit is that a decision such as the one in *Curtis* cannot constitute an
21 'order or other paper' for purposes of removal."); *180 Land Co., LLC v. City of Las Vegas*, No.
   2:19-cv-1467 (D. Nev. Feb. 12, 2020) ("Whether a Supreme Court opinion from an unrelated
22 case constitutes an 'other paper' under § 1446 is somewhat of an open question.").

23 [62] *Peabody v. Maud Van Cortland Hill Schroll Tr.*, 892 F.2d 772, 775–76 (9th Cir. 1989)
   (quoting 1A J. Moore & B. Ringle, *Moore's Federal Practice* ¶ 0.168[3.-5–6], at 598–99 (1987))
   (internal quotation marks omitted).

1    issues.[63]  The *Peabody* court broadly limited the universe of material that could put defendants

2    on notice of grounds for removal,[64] foreshadowing the now-settled rule that defendants do not

3    "lose the right to remove" because they could have, but did not, discover "grounds for

4    removability through investigation."[65]  And while *Peabody*'s holding has been limited

5    somewhat,[66] multiple courts have relied on its reasoning, cabining the documents capable of

6    justifying a § 1446(b)(3) removal.[67]

7         The Ninth Circuit's 2014 decision in *Rea*, however, is in tension with *Peabody* and its

8    progeny.  In *Rea*, the defendant removed a class-action complaint twice under the Class Action

9    Fairness Act (CAFA),[68] despite plaintiff purporting to waive any recovery over $4,999,999.99—

10

---

11   [63] *Id.* at 775.

12   [64] *Id.*

13   [65] *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013); *see also Chan Healthcare Grp, PS v. Liberty Mut. Fire Ins. Co.*, 844 F.3d 1133, 1142 (9th Cir. 2017) ("Because the focus remains on whether the *case* 'is or has become removable,' counsel's clairvoyant sense of what actions a plaintiff might take plays no role in the analysis.") (quoting *Kuxhausen v. BMW Fin. Services NA LLC*, 707 F.3d 1136, 1141–42 (9th Cir. 2013)) (emphasis in original).

15   [66] *See, e.g.*, *Carvalho v. Equifax Info. Services, LLC*, 629 F.3d 876, 887 (9th Cir. 2010) ("[A] plaintiff's response to deposition questions can constitute 'other paper' within the meaning of section 1446(b)."); *Eyak Native Vill. v. Exxon Corp.*, 25 F.3d 773, 779 (9th Cir. 1994) (holding that a reply brief can constitute an "other paper" for purposes of § 1446(b) removal).

18   [67] *See, e.g.*, *Chan Healthcare*, 844 F.3d at 1142 ("Section 1446(b) is triggered upon 'the receipt by the defendants of a paper in the action from which removability may be ascertained.'"); *Eyak Native Village*, 25 F.3d at 779 (reasoning, without citing *Peabody*, that a consent decree filed in a separate suit cannot trigger removability because it "was not filed in state court in [those] cases"); *Salmonson v. Euromarket Designs, Inc.*, No. CV 11-5179, 2011 WL 4529396, at *3 (C.D. Cal. Sept. 28, 2011) (relying on *Peabody* and declining to find that a federal document filed in a separate proceeding could trigger removability under § 1446(b)(3)); *Phillips*, 702 F. Supp. at 1469 (C.D. Cal. 1989) (declining to find that new legislation that broadened federal-court jurisdiction over claims involving fictitious defendants was "other paper" under § 1446(b)(3)).

23   [68] CAFA generally grants federal courts subject-matter jurisdiction over class actions involving more than 100 plaintiffs who are minimally diverse seeking more than $5,000,000 in damages. *See* 28 U.S.C. § 1332(d)(2).

one penny shy of the jurisdictional threshold.[69]  At the time of the first removal, the Ninth

Circuit allowed such waivers[70] and the district court properly granted remand.  But on its second

attempt, defendant based its removal on an intervening Supreme Court decision, *Standard Fire*

*Ins. Co. v. Knowles*, which invalidated such damage waivers.[71]  In reversing the district court's

second grant of remand and holding that the first remand was "on grounds that subsequently

became incorrect," the Ninth Circuit held that "the Supreme Court's decision in *Standard Fire* is

'a relevant change of circumstances . . . justify[ing] a reconsideration of a successive, good faith

petition for removal.'"[72]

### c.  <u>*Rea* does not uniformly expand § 1446(b)(3)'s reach.</u>

Despite implying that a "change of circumstances" triggers § 1446's second removal

period, *Rea*'s holding is inapposite to this case for two reasons: (1) *Rea* is a CAFA case and (2)

*Rea* does not explicitly interpret § 1446(b)(3)'s "order or other paper" language to include

intervening appellate decisions.  So I decline to read *Rea* or § 1446(b)(3) to permit the City's

removal.

There are crucial differences between the federal-question jurisdiction asserted here and

the CAFA-based jurisdiction in *Rea*.  Generally, when "the timeliness of removal under section

1441 is at issue, it makes sense to presume that removal statutes are to be strictly construed

---

[69] *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014).

[70] *See Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997–99 (9th Cir. 2007) (holding that damage waivers were valid and effective unless the defendant could prove to a "legal certainty" that damages exceeded $5,000,000), *overruled by Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588 (2013).

[71] *Rea*, 742 F.3d at 1238.

[72] *Id.* (citing *Kirkbridge v. Cont'l Cas. Co.*, 933 F.2d 729, 732 (9th Cir. 1991)) (alteration in original).

against federal court jurisdiction."[73]  The Ninth Circuit deviates from that rule in limited

circumstances, liberally construing removal only when the removal is based on legislation that

expands federal jurisdiction.  For example, in *Durham v. Lockheed Martin Corp.*, the court

liberally construed § 1446(b)(3)'s timeliness requirements to permit removal on 28 U.S.C.

§ 1442 grounds[74] because "a clear command from both Congress and the Supreme Court"

required courts to "interpret section 1442 broadly in favor of removal."[75]

As with removal cases based on § 1442, "Congress and the Supreme Court have

instructed [courts] to interpret CAFA's provisions under section 1332 broadly in favor of

removal, and we extend that liberal construction to section 1446."[76]  So it makes sense that the

*Rea* court would exercise federal jurisdiction based on *Standard Fire*'s intervention—after all,

courts are required to liberally construe removal petitions grounded on CAFA jurisdiction.  Later

Ninth Circuit decisions applying *Rea* confirm it belongs in the CAFA context alone.[77]  In *Taylor*

*v. Cox Communications California, LLC*, for example, the Ninth Circuit again permitted a

second removal petition prompted by the Supreme Court's decision in *Standard Fire*.[78]  Citing

*Rea*, the *Taylor* court explicitly noted that CAFA broadly permits removal "at any time, provided

---

[73] *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006).

[74] Section 1442 broadly permits removal of civil or criminal prosecutions against federal officers in state court.  *See* 28 U.S.C. § 1442(a)(1)-(4), (c).

[75] *Durham*, 445 F.3d at 1252.

[76] *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015); *see also Chan Healthcare*, 844 F.3d at 1137 (reasoning that CAFA "significantly expanded federal diversity jurisdiction" to "ensure '[f]ederal court consideration of interstate cases of national importance.'") (citations omitted).

[77] The Ninth Circuit decisions applying *Rea* are all CAFA-based cases.  *See, e.g.*, *Fritsch v. Swift Trans. Co. of Ariz., LLC*, 899 F.3d 785 (9th Cir. 2018); *Taylor v. Cox Comm. California, LLC*, 673 Fed. Appx. 734, 735 (9th Cir. 2016); *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188 (9th Cir. 2015); *Goodman v. Wells Fargo Bank, N.A.*, 602 Fed. Appx. 681, 681 (9th Cir. 2015).

[78] *Taylor*, 673 Fed. Appx. at 735.

14

that neither of the two thirty-day periods under § 1446(b)(1) and (b)(3) have been triggered.'"[79] So too in *Goodman v. Wells Fargo Bank, N.A.*, in which the court applied *Rea* and held that "a defendant may remove a case from state court within thirty days of ascertaining that the action is removable under CAFA . . . based on intervening case law."[80]  That is hardly the situation here: the City's removal is predicated on traditional, federal-question jurisdiction and presumptively does not belong in federal court.[81]

Contrary to the City's assertion otherwise,[82] neither *Rea* nor any other Ninth Circuit decision explicitly holds that § 1446(b)(3)'s "order or other paper" language refers to unrelated, if relevant, Supreme Court decisions.  In *Chan Healthcare Group, PS v. Liberty Mutual Fire Insurance Co.*, the Ninth Circuit noted that the "plain language of the statute requires a paper that shows a ground for removal that was previously unknowable or unavailable," but it expressly held that documents "that raise federal questions, filed in cases other than the one at hand," did not meet that standard.[83]  And while the *Rea* court resolved whether federal courts have original jurisdiction over plaintiff's complaint under *Standard Fire* and determined that defendants may seek successive removals on identical grounds when there has been a "change of circumstances,"[84] it did not interpret § 1446(b)(3) to include intervening, appellate decisions in

---

[79] *Id.* (quoting *Roth*, 720 F.3d at 1126 (9th Cir. 2013)) (alteration in original).

[80] *Goodman*, 602 Fed. Appx. at 682 (internal quotation marks and citations omitted).

[81] *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) ("[I]t is presumed that a cause lies outside [the] limited jurisdiction [of the federal courts].") (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006)) (alteration in original).

[82] *See* ECF No. 10 at 9 ("[T]he Ninth Circuit held that an intervening Supreme Court decision that changed controlling precedent was an 'other paper' within the meaning of 28 U.S.C. § 1446(b)(3).").

[83] *Chan Healthcare*, 844 F.3d at 1142.

[84] *Rea*, 742 F.3d at 1238.

15

unrelated lawsuits.  In addition, the *Taylor* court expressly declined to decide whether an intervening, appellate order "also qualified as a relevant 'change in circumstance' permitting a successive petition."[85]  Absent an explicit directive from the Ninth Circuit or Congress to do so, I follow *Taylor*, *Peabody*, and *Chan Healthcare* and decline to read § 1446(b)(3) or *Rea* so broadly.[86]

Finally, cabining *Rea*'s reach is logical.  Not only does it conform with the overwhelming number of cases explicitly holding that § 1446(b)(3) does not apply to intervening appellate decisions,[87] but it synthesizes the seemingly conflicting decisions on this issue in the Ninth Circuit.  It also avoids a broader ruling that might unconscionably expand federal jurisdiction to *any* pending state-law suit when an intervening, appellate decision touches on matters of subject jurisdiction.[88]  Such a decision would be antithetical to the purpose of the removal statute and its

---

[85] *Taylor*, 673 Fed. Appx. at 735.

[86] *See also Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 969 (8th Cir. 2007) ("If Congress had intended new developments in the law to trigger the recommencement of the thirty[-]day time limit, it could have easily added language making it clear that § 1446(b) was not only addressing developments within the case.").

[87] *See supra* n.57.

[88] *C.f.*, *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside this limited jurisdiction.") (citing *Turner v. Bank of N.A.*, 5 U.S. (4 Dall.) 8, 11, 1 L.Ed. 718 (1799)).  The City asks me to consider *Van Bebber v. Dignity Health*, which charts a third course and underscores my concerns.  *See* ECF No. 21 at 14 (citing *Van Bebber*, 2019 WL 4127204 at *7).  The *Van Bebber* court held that an intervening appellate decision is not necessarily "other paper" under § 1446(b)(3) but is instead akin to a document that a defendant discovers in its investigation that puts it on notice of the removability of the suit. *Id.*  As that court notes, such a ruling potentially opens the door to permit removal at almost any time, depending on the defendant's research or investigation of plaintiff's claims.  *See id.* ("The court acknowledges that the concerns expressed in plaintiff's supplemental briefing, that 'gamesmanship . . . can take place if defendants delay filing a notice of removal until it is strategically advantageous to do so' are legitimate.").

timeliness requirements, which Congress designed to limit federal court jurisdiction over claims brought in state court.[89]

### Conclusion

In sum, I conclude that Section 1446(b)(3)'s "order or other paper" does not include intervening Supreme Court decisions in other cases. Because the City's removal hinges entirely on *Knick*, I find that its second removal window never opened and its removal petition was untimely, so I grant Fore Stars and Seventy Acres' motion to remand.

IT IS THEREFORE ORDERED that Fore Stars and Seventy Acres' motion to remand **[ECF No. 8] is GRANTED.** The Clerk of Court is directed to **REMAND this case back to the Eighth Judicial District Court, Clark County, Nevada, Case No. A-18-773268-C, Department 24, and CLOSE THIS CASE.**

IT IS FURTHER ORDERED that the City's and the District Court's motions to dismiss **[ECF Nos. 27, 28] are DENIED AS MOOT.**

_____
U.S. District Judge Jennifer A. Dorsey
September 23, 2020

---

[89] *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107 (1941) ("We think these alterations in the statute are of controlling significance as indicating the Congressional purpose to narrow the federal jurisdiction on removal . . . .").